In the Matter of VERNON WELLS, an Attorney, Respondent. BAR ASSOCIATION OF ERIE COUNTY, Petitioner.

Fourth Department, February 22, 1962.

*John B. Walsh* for petitioner.

*Trost, Clancy & Phelan* (*John J. Phelan* of counsel), for respondent.

*Per Curiam.* This attorney filed in this court on February 6, 1962, his resignation as an attorney and counselor at law with a consent that his name be stricken from the roll of attorneys and that an order be made consistent with his resignation.

He was admitted to practice by this court on the 6th day of October, 1939, upon motion, by virtue of the fact that he had been authorized to practice in Missouri for the requisite number of years to entitle him to practice in this State.

In 1952, in a disciplinary proceeding in this court it was alleged by the Erie County Bar Association, that in 1947, this

attorney while acting as an Internal Revenue agent of the United States received and solicited from various attorneys certain sums of moneys in connection with cases in which the interests of said attorneys were contrary to the interests of the United States Government. He admitted these charges and he also admitted that on December 9, 1947, he pleaded guilty to a misdemeanor, for " receiving a salary from a source other than the United States government while employed as an official of the Internal Revenue bureau ", a violation of section 66 of title 5 of the United States Code, and he was removed from government service as the result.

On April 29, 1952, this court censured him because of the above activities and violations.

During the month of November, 1961, the Bar Association of Erie County again presented a petition in a disciplinary proceeding against him. The substance of these charges was that in 1960 and 1961, he had consulted with various residents of New York State, in his professional capacity as an attorney, knowing such persons to be residents of New York State; that he advised them that they could not procure matrimonial decrees in their favor in New York State but that they could procure such decrees in the State of Missouri; that after obtaining retainers from such clients, he prepared the necessary papers to obtain decrees in Missouri and that allegations contained in such papers were that each plaintiff was a resident of Missouri and had been a resident for one year before the filing of a petition for divorce; that he knew those allegations to be false and untrue but nevertheless advised such clients to sign such petitions; that he caused said petitions to be notarized and filed in Missouri, that in co-operation with a Missouri attorney he " prepared and coached " said petitioners and gave them Missouri addresses with instructions to testify that they were their Missouri residences; that he procured and produced other witnesses who falsely corroborated the testimony as to Missouri residences; that petitioners and others testified as instructed by Wells and thereafter obtained Missouri divorces; that he also arranged for " character witnesses " to testify falsely.

He filed an answer denying the material allegations of the Bar Association's petition and the matter was referred to an Official Referee to hear and report. Shortly before the time of the commencement of hearings, his resignation was received by this court.

In the meantime he had pleaded guilty to certain misdemeanors in Missouri based, to some extent at least, on the facts contained in the petition before us.

We consider the resignation, during the pendency of the disciplinary proceeding, as tantamount to an admission of the very serious charges which were before us.

The resignation will be accepted and an order entered striking his name from the roll of attorneys and forbidding him to practice law.

WILLIAMS, P. J., BASTOW, GOLDMAN, HALPERN and HENRY, JJ., concur.

Resignation accepted and order entered upon resignation striking name of attorney from roll of attorneys and counselors at law.